CHARLES T. WING *vs.* H. B. CHAMPION.

October Term, 1873.

SUPPLEMENTAL BILL—WHEN PROPER—To entitle a person to file a supplemental bill to obtain the benefit of the previous proceedings, he must come in in respect of the same title, in the same person, as stated in the original bill.

SAME—DEMURRER.—And it is a good ground of demurrer to a bill filed as supplemental for the purpose of obtaining the benefit of the previous proceedings, that it is not supplemental but original.

*R. McP. Smith*, for complainant.
*M. Vaughan*, for defendant.

THE CHANCELLOR :—The demurrer of the defendant to the so-called supplemental bill in this case, upon the ground that it is not supplemental but original, must be sustained. The original bill was filed in the name of Charles T. Wing.

The new bill is in the name of the People's Bank of Nashville for the use of G.. P. Thruston, assignee. To entitle a party to file a supplemental bill, and thereby to obtain the benefit of the previous proceedings, the bill must be in respect of the same title, in the same person, as stated in the original bill. *Jenkins* v. *Lethbridge*, Coop. Eq. Rep. 43. For, if it were otherwise, a stranger might have the benefit of evidence taken between other parties, and, of course, upon different issues. The complainant Wing filed his bill in his own right upon a contract made with him as an individual. The new bill goes upon the assumption that the contract was made with the People's Bank of Nashville. It is impossible that one and the same contract could have been made with each of these parties separately. A similar contract might have been made with each, but not the same, nor is it so contended. The original complainant, it seems, was mistaken in supposing the contract was made with him. If it were made with the People's Bank, its remedy is by an original bill. The fact that the bill is not supplemental, but original, is a good ground of demurrer. Story Eq. Pl., §§ 339, 616.